UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMANPREET SINGH,<br><br>    Petitioner,<br><br>  v.<br><br>SERGIO ALBARRAN, et al.,<br><br>    Respondents. | No. 1:25-cv-01821-DAD-SCR (HC)<br><br>ORDER GRANTING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

This matter is before the court on petitioner's *ex parte* motion for a temporary restraining order filed on December 11, 2025. (Doc. No. 2.) For the reasons explained below, the court will grant petitioner's motion.

**BACKGROUND**

On December 11, 2025, petitioner Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner asserts two claims in that petition: (1) violation of the Immigration and Nationality Act ("INA"); and (2) deprivation of due process in violation of the Fifth Amendment. (*Id.* at ¶¶ 50–58.) In support of the pending motion for temporary restraining order, petitioner alleges the following.[1]

---

[1] Except where otherwise noted, respondents do not dispute the facts as alleged in petitioner's petition for writ of habeas corpus.

1

Petitioner is a citizen of India. (*Id.* at ¶ 22.) Petitioner does not allege when he entered the United States, but a review of the petition and the documents attached thereto indicate that, on December 14, 2021, he was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). (*Id.*; Doc. No. 1-4 at 9.) Almost four years later, petitioner was taken into immigration custody and detained on November 18, 2025, and has since been unable to obtain a review of his custody status before an immigration judge. (Doc. No. 1 at ¶ 22.)

On December 11, 2025, petitioner filed the pending motion for a temporary restraining order. (Doc. No. 2.) In the proposed order attached to that motion, petitioner requests that the court order his immediate release from custody under the same conditions that applied prior to his November 18, 2025 detention and enjoin respondents from removing him.[2] (Doc No. 2-2 at 2.) On December 11, 2025, the court directed petitioner's counsel to serve respondents with a copy of the petition, the motion for temporary restraining order, and accompanying papers, and set a briefing schedule on the pending motion. (Doc. No. 4.) On December 12, 2025, respondents filed an opposition to the pending motion, in which respondents merely note without requesting relief that petitioner appears to have attempted to serve them through physical mail and not through electronic mail as previously directed by the court. (Doc. No. 5 at 2.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

---

[2] Petitioner provides no argument in his pending motion for temporary restraining order addressing whether the court is authorized to enjoin his removal to another country. (*See generally* Doc. No. 2-1.) It does not appear to the court that petitioner is currently subject to a final removal order and the court has no authority to enjoin ongoing removal proceedings. *See Maxwell v. Nielsen*, No. 2:14-cv-02772-TLN-AC (PS), 2018 WL 6304886, at *7 (E.D. Cal. Dec. 3, 2018) ("[T]he district court lacks authority to intervene in ongoing removal proceedings."), *report and recommendation adopted in part sub nom.*, *Maxwell v. Holder*, 2018 WL 6831133 (E.D. Cal. Dec. 28, 2018). Accordingly, the court will deny petitioner's request for an order restraining respondents from removing petitioner without prejudice.

1 | balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans,*
2 | *Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council,*
3 | *Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th
4 | Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just
5 | possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los*
6 | *Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must
7 | make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127,
8 | 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is
9 | appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were
10 | raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation
11 | omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v.*
12 | *City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co.*
13 | *v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than
14 | merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate*
15 | immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an
16 | injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the
17 | plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.
18 | The likelihood of success on the merits is the most important *Winter* factor. *See Disney*
19 | *Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of
20 | demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that
21 | "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

**DISCUSSION**

23 | Petitioner argues that he is improperly detained pursuant to 8 U.S.C. § 1225(b)(2). (Doc.
24 | No. 2-1 at 5.) Accordingly, petitioner contends that he is being improperly deprived without due
25 | process of a protected liberty interest in his continued release. (Doc. No. 2-1 at 16–21.) In their
26 | opposition, respondents argue only that petitioner is not detained pursuant to 8 U.S.C. §
27 | 1225(b)(2) but is instead subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). (Doc.
28 | No. 7 at 3–4.) Specifically, respondents contend that petitioner was "paroled into the United

1  States pending what is known as a credible fear interview[,]" that the interview has subsequently
2  occurred, that the asylum officer who conducted that interview found that petitioner has
3  demonstrated a credible fear of persecution, and accordingly that petitioner was placed into
4  standard removal proceedings under 8 U.S.C. § 1229a. (*Id.* at 2.) Title 8 U.S.C. §
5  1225(b)(1)(B)(ii) provides that, "[i]f the officer determines at the time of the interview that an
6  alien has a credible fear of persecution . . . , the alien shall be detained for further consideration of
7  the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). Respondents therefore contend that
8  petitioner's detention is mandatory and that he has not been deprived of due process. (Doc. No. 7
9  at 3–4.)

10  Respondents' argument is misplaced. Title 8 U.S.C. § 1225(b)(1) creates certain
11  detention regimes for "aliens arriving in the United States and certain other aliens who have not
12  been admitted or paroled." 8 U.S.C. § 1225(b)(1). Here, it is undisputed that on December 14,
13  2021, petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). (*See* Doc.
14  Nos. 1 at ¶ 5; 1-4 at 9–12); *see also Doe v. Andrews*, No. 1:25-cv-00333-JLT-HBK (HC), 2025
15  WL 3280777, at *2 n.4 (E.D. Cal. Nov. 25, 2025) (explaining that under the current interpretation
16  of 8 U.S.C. § 1225(b)(1)(B)(ii) by the Attorney General, the only possibility for release available
17  to noncitizens in that category is a discretionary grant of parole pursuant to 8 U.S.C. §
18  1182(d)(5)). Because petitioner has previously been paroled, he cannot be legally detained
19  pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). *N.A. v. Larose*, No. 25-cv-02384-RSH-BLM, 2025 WL
20  2841989, at *6 (S.D. Cal. Oct. 7, 2025) ("The Court concludes that Petitioner is not lawfully
21  subject to detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). . . . At her immigration court
22  hearing over eight months later on July 15, 2025, [the petitioner] had previously been paroled,
23  and thus did not qualify for mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii).") (collecting
24  cases); *see also Pablo Sequen v. Kaiser*, — F. Supp. 3d —, 2025 WL 2650637, at *7 (N.D. Cal.
25  2025) (holding that § 1225(b)(1) could not apply to the petitioner who had entered the United
26  States more than two years prior and had been continuously present in the country); *but see*
27  *Oliveria v. Albarran,* No. 1:25-cv-01760-WBS-AC, 2025 WL 3525923, at *2 (E.D. Cal. Dec. 9,
28  2025) (concluding that mandatory detention pursuant to § 1225(b)(1) applies to petitioners who

1 have previously been paroled without addressing the text of the statute which restricts the
2 application of mandatory detention to those "who have not been admitted or paroled").
3     Respondents do not otherwise identify any statutory authority for petitioner's detention
4 nor do respondents provide any evidence that petitioner's parole pursuant to 8 U.S.C. §
5 1182(d)(5)(A) has been revoked.  *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144–46 (D. Or.
6 2025) (describing the requisite procedures to revoke parole pursuant to 8 U.S.C. § 1182,
7 including providing written notice of revocation to the petitioner); *see also Noori v. LaRose*, — F.
8 Supp. 3d —, 2025 WL 2800149 at *11 (S.D. Cal. 2025) ("Thus, Petitioner was entitled to due
9 process in his parole revocation.  Particularly, he was entitled to both notification of revocation
10 and the reasoning for revocation, if not also an opportunity to be hear and contest the
11 determination.")
12     Because the court has concluded that petitioner is not properly detained pursuant to 8
13 U.S.C. § 1225(b)(1), the court finds that petitioner has shown he is likely to succeed on the merits
14 of his petition and that the first *Winter* factor favors granting the motion for temporary restraining
15 order.  To the extent that respondents contend that petitioner is otherwise properly detained
16 despite his prior parole, the court incorporates its prior reasoning in *Rocha Chavarria v. Chestnut,*
17 No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3–5 (E.D. Cal. Dec. 9, 2025) and concludes
18 that petitioner is likely to succeed on the merits of his due process claim, that irreparable harm
19 will occur absent the granting of emergency relief, and that the balance of equities favors granting
20 his motion for temporary restraining order.
21     For the reasons set forth above,
22     1.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is GRANTED
23         as follows:
24         a.    Respondents are ORDERED to immediately release petitioner from
25             respondents' custody on the same conditions that governed his release
26             immediately prior to his detention on November 18, 2025;
27         b.    Respondents are ENJOINED AND RESTRAINED from re-detaining
28             petitioner for any purpose, absent exigent circumstances, without providing

           petitioner written notice and a pre-detention hearing before a neutral adjudicator;

2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3. The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **December 16, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE